■ In the Matter of the Claim of JEROME GOLDSMITH, Respondent-Appellant, v. TERMINAL SYSTEM, INC., et al., Appellants-Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by employer and carrier from an award of disability compensation. Appellants challenge the method used by the board in determining claimant's average weekly wage. Claimant was employed regularly on a full-time job as a delicatessen clerk. As a part-time job on every Sunday he drove a taxi. He sustained an injury in the latter employment. The board has computed his weekly wage pursuant to subdivision 3 of section 14 of the Workmen's Compensation Law, and arrived at an average weekly wage of $69.26 with a weekly compensation rate of $46.17, which is higher than his actual weekly compensation as a taxi driver. This is clearly a case of dual and dissimilar employment, in fact it is conceded. Under the circumstances the board was justified in using the method authorized by subdivision 3 of section 14 of the Workmen's Compensation Law. (*Matter of Stallone* v. *Liebmann Breweries*, 12 A D 2d 716, affd. 10 N Y 2d 907; *Matter of Ednie* v. *Five Star Beverage Co.*, 16 A D 2d 845; *Matter of Marlin* v. *Y & N Cab Corp.*, 17 A D 2d 876.) Award affirmed, with costs to the Workmen's Compensation Board. Bergan, P. J., Coon, Gibson and Taylor, JJ., concur; Herlihy, J.: I concur on the authority of *Matter of Stallone* v. *Liebmann Breweries* (10 N Y 2d 907).